Gloria Dredd Haney, State Bar No. 157627
**LAW OFFICES OF GLORIA DREDD HANEY**
City Tower Center
333 City Boulevard West, 17th Floor
Orange, California 92868
Office:      714.938.3230
Fax:         714.921.2856
Email:       dreddlaw@sbcglobal.net

Attorney for Plaintiff
**ROSALYN WARREN**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALYN WARREN, | Case No.: _____ |
| Plaintiff, | |
| vs. | **PLAINTIFF ROSALYN WARREN'S VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |
| SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, KAISER PERMANENTE, JACKIE GONZALEZ, ARI LEVY, AND DOES 1 THROUGH 10, INCLUSIVE, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## I.    <u>NATURE OF CASE</u>

This complaint arises beginning with the unlawful retaliation and harassment leveled against Plaintiff as a result of her taking a medical leave leading to her being targeted, harassed, publicly humiliation, and eventually terminated from her position because on her race, age, disability (walking/hip replacement), perceived disability (potential exposure to COVID-19), and being subjected to harassment, bullying in the workplace, denial of a good faith interactive process, retaliation, denial of

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

medical leave, denial of reasonable accommodation, denial of rights based on 42 USC §1981, 42 USC §1983, denial of a work environment free of discrimination, retaliation because she engaged in the protected activity of complaining about the unlawful discrimination after returning from an approved medical leave, and the ultimate adverse action of being fired from her job.

## **JURISDICTION AND VENUE**

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343,1391, 42 U.S.C. §§1981 and 1983, and the Rehabilitation Act of 1973. This action is authorized and instituted pursuant to 20 U.S.C. §1706 requiring the appropriate United States District Court to exercise jurisdiction.  42 U.S.C. § 1981, Civil Rights Act of 1991, as amended, state that employment discrimination and retaliation cases may be filed in the United States District Court.  This Court has pendent jurisdiction over Plaintiff's state claims, both administrative and common law, because they arise out of the same nucleus of common facts on which Plaintiff's federal discrimination claims are based.  Pursuant to 28 U.S.C. § 1367(s), federal courts have the discretion to adjudicate state-law claims that are transactionally related to the federal claims.

2.  Plaintiff has suffered and continues to suffer actual injuries as a result of the intentional, malicious, and unlawful conduct on the part of the above-named Defendants, each of them.  The injuries can be traced to the challenged action and conduct in this matter.  Plaintiff, ROSALYN WARREN, has a personal stake in the

**PLAINTIFF ROSALYN WARREN'S FEDERAL COMPLAINT**

outcome of this action and hereby joins her request for recovery also pursuant the

California Fair Employment and Housing Act ("FEHA")  and has received the

Department of Fair Employment and Housing's ("DFEH") right-to-sue notice.

Attached as Exhibit "A" is a true copy of the complaint filed with the DFEH.

Attached as Exhibit "B" is a true copy of the right-to-sue notice from the DFEH

dated September 24, 2020, case number 202007-10828330.  Attached as Exhibit C

is Plaintiff's verification.

3.   Plaintiff resides in Los Angeles Country within the jurisdiction of the

United States District Court in and for the Central District of California.

4.   Defendant District is doing business in Los Angeles County within the

jurisdiction of the United States District Court/Central District California in

Lancaster, California in Los Angeles County.

## OVERVIEW OF RELEVANT AND BACKGROUND FACTS

5.  Because of the overwhelming nature of the discrimination, retaliation, and

harassment leveled against Plaintiff, ROSALYN WARREN (hereafter "Plaintiff" or

"Warren"), all of the relevant/material facts are not included in this complaint.

However, Warren has submitted a sufficient representation of the facts and has

established that the facts set out in this complaint identify viable causes of action

and *prima facie* elements to support that causes of action in this matter and in their

entirety to further support this matter must go forward to trial.

6.  In January 2020, Warren, a Black woman with a disability and over the age of

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**PLAINTIFF ROSALYN WARREN'S FEDERAL COMPLAINT**

40 years, interviewed for the position of Psychiatric Social Worker for Defendant Southern California Permanente Medical Group a.k.a. Kaiser Permanente (hereafter "SCPMG"). During the interview, Warren disclosed her disability *in that she had to have a complete hip replacement* and said she would need to be able to use a cane while at work for SCPMG. Warren further informed her future employer she would need to take a medical leave for an already scheduled upcoming surgery. During this same interview Warren was repeatedly reassured that there would be no problem, that SCPMG worked with members who were disabled and needed time away from their employees. As a medical group Warren was assured by SCPMG her disability and the need for surgery were the least of her problems.

7.  To show to Warren that SCPMG was impressed with Warren and wanted her to be a part of its team, Warren *was offered the position as a Psychiatric Social Worker the very next day.* Warren had no reason to doubt the veracity and what she believed were the valid representations of SCPMG. She accepted the offer, stopped searching, and did not attempt her search for comparable positions. It took approximately two months to complete the lab work, paperwork, drug testing, etc. Warren's actual start date was April 06, 2020.

8.  When Warren started working at SCPMG, she immediately informed her supervisor, Defendant Jackie Gonzalez (hereafter "Gonzalez" or "Defendants"), a non-Black without a disability, that her surgery had been "pushed back" and would not begin as scheduled. She further informed Gonzalez that Warren did not have the

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**PLAINTIFF ROSALYN WARREN'S FEDERAL COMPLAINT**

surgery date but, as soon as the date for the surgery was scheduled, Warrant would be contacted immediately for surgery the very next day.

9.  Warren regularly on a daily basis reminded Gonzalez that her surgery could happen at any time without warning.  Gonzalez, as Warren's immediate supervisor, repeatedly assured Warren that everything was, indeed, fine, that SCPMG was *fully* aware of Warren's disability/medical circumstances and the a medical leave would be an accommodation for her.

10.   On April 23, 2020, Warren's medical doctor took her off-work for two days because Warren appeared to have symptoms relating to COVID-19 and her medical doctor needed to observe and test Warren.  Again, SCPMG was informed of her off-work order and the reasons for it.  Warren was again reassured not to worry about having to be off work until she could be cleared and that other health providers at SCPMG had to have the same type of quarantine, not only for the members/patients but also for the employees at SCPMG.  When Warren returned to work on April 27, 2020, with her clearance from COVID-19, there were no complaints or problems and Warren was told, again, that everything was just fine.

11.   In May 2020, Gonzalez gave Warren her first evaluation where Gonzalez opined that Warren met the standards at SCPMG.  Gonzalez was present to observe the work performed by Warren and saw the results of the work performed by Warren.

12.   It, subsequently, was time for the surgery for her disability.  On June 8,

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**PLAINTIFF ROSALYN WARREN'S FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

2020, Warren provided SCPMG with a medical certification, taking her off work through July 8, 2020, with no restrictions.  Warren was *not* contacted during her medical leave with any complaints, reprimands, or warnings.  The medical certification was *not* denied based upon the time off recommended for the complete hip replacement.  Before and during her medical leave, Warren was *never* informed she was not performing on the job to the standards established the SCPMG by Defendant Gonzalez and the other employees.  In fact, Warren had been reassured by Defendant Gonzalez and even her colleagues that she was performing well.  The atmosphere at work was positive and quite supportive.

13.    However, immediately upon Warren's return, Defendant Ari Levy, the Administrative Director and a non-Black, *verbally reprimanded* Warren about cases that had not been closed but should have been closed *during Warren's approved medical leave of absence*.  Warren was never informed she was supposed to work during her medical leave. These reprimands were especially unwarranted specifically because Gonzalez instructed Warren *not* to close *any* cases until Gonzalez reviewed the cases.  Of course, Gonzalez did not review Warren's cases while Warren was on a medical leave of absence.  Of course, all of the allegations by Defendant Levy were false and only used as a *pretext* to discriminate against Warren because she is a Black female and because she exercised her right to go on approved medical leaves for her disability and recommendation from her physician due to COVID-19.

14.    With the state restrictions in place regarding employees telecommuting from home instead of coming into the office, Levy made sure that Warren was the *only* person forced to come to the site of the workplace unlike all other employees under the supervision of Defendant Levy.    Defendant Levy did not treat any other employee in this manner except Warren.  All the training and services that were offered were done by a therapist *via* "Microsoft Teams" because no one, except Warren, was actually in the office building.  Even the Defendants telecommuted. Warren had *one* in-person training from the substance abuse coordinator.  However, that was *only* because the coordinator had come to pick up some items from his office and never came back to the office afterwards.  The only other person who came to the office everyday was the union steward named "Gabby."  The union steward, "Gabby," specifically told Warren she only came in because she *volunteered* to do so.  *All* of the clerical workers, *all* of the receptionists, *all* of the employees who answered the telephones, *all* of the nurses, *all* of the psychiatrists, *all* of the therapists, and even the individual Defendants worked from home. Warren even asked to work from home like all other employees *after* she had completed her SCPMG training. Again, however, both Defendants Gonzalez and Levy denied Warren *refusing to give any explanation* for treating Warren differently.

15.    Additionally, an act intended to cause Warren great harm, both physically and emotionally in order to force Warren to quit, Defendant Levy denied Warren the

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**PLAINTIFF ROSALYN WARREN'S FEDERAL COMPLAINT**

use of the handicapped parking closer to the building where she worked and literally forced Warren to park as far away in another handicapped parking space which was the farthest from her building and caused Warren to have to walk longer distances even though the parking lot was basically empty. Warren was qualified to and did receive California handicap parking.

16.    On July 23, 2020, Warren received a negative performance evaluation and was terminated under the pretext of and in retaliation for requesting and using leave as a accommodation due to her physical disability and perceived disability related to COVID-19. Warren further complained about the different treatment she received because of her disability compared to the other employees. Warren was off work from April 23, 2020, through April 26, 2020, due to the perceived disability as it related to the COVID-19 pandemic. Then, on June 08, 2020, Warren provided medical certification which was approved by SCPMG, placing Warren on a medical leave through July 07, 2020, because of her disability related to her hip replacement. Warren return to work on July 08, 2020 with no restrictions.

17.    On July 23, 2020, even though he was never present to observe Warren's work performance, Defendant Levy gave Warren her second performance evaluation. It was Defendant Gonzalez who gave Warren her first evaluation which was Warren met the standard in *all* areas. In the areas where Defendant had marked "met standards" in the first evaluation, Defendant Levy marked them with "development needed," again, even though Defendant Levy was working from

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**PLAINTIFF ROSALYN WARREN'S FEDERAL COMPLAINT**

home and not was present to see *any* of Warren's job performance.

18.     Defendants Levy and Gonzalez then moved to terminate Warren based upon the false allegations which stemmed from the facts that she is a Black woman over the age of 40 years who informed SCPMG of her disability *before* being hired, sought and received an accommodation and who also received a medical leave from her  physician who used precautions when it was believed Warren may have been exposed to the virus.  This restriction of an employee was also the policy of SCPMG.  No other SCPMG employee was denied his or her job because of engaging in the protected activity of requesting and receiving an accommodation pursuant to federal and state law and complaining about the treatment she received because of the accommodation.

## STATEMENT OF A FEDERAL CLAIM

## FIRST CLAIM FOR RELIEF

(Violation of the Civil Rights Act of 1866

[As Amended, 42 U.S.C. § 1981]

Against All Defendants)

19. The allegations and attachments set forth in paragraphs 1 through 18, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

9

20.  Section 1981 provides that all persons within the jurisdiction of the United States must be afforded the same rights and the full and equal benefit of all laws and proceedings for the security of persons and property enjoyed by white citizens regardless of race.  Section 1981 covers discrimination not only in the formation of a contract but also during the duration and life of the contract.

21.   Plaintiff was retaliated against up to and including termination which denied her civil rights in violation of the laws of the United States because she is an African American.  No other non-Black employee who was similarly situated and supervised by both Defendants Levy and Gonzalez was treated in this manner as Plaintiff.

WHEREFORE, Warren requests relief as set forth below against SCPMG.

## STATEMENT OF STATE CLAIM

## SECOND CLAIM FOR RELIEF

(Violation of the California Government Code, §12900, et seq.

for Age Discrimination in Employment Against SCPMG)

22.  The allegations and attachments set forth above in paragraphs 1 through 21, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

23.  Plaintiff is over the age of 50 years and has been discriminated against

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**PLAINTIFF ROSALYN WARREN'S FEDERAL COMPLAINT**

because of her age.  She performed her job duties well and met the standards set by SCPMG.  Despite these facts regarding Plaintiff's performance, she was and continues to be denied the rights and privileges of her job.

WHEREFORE, plaintiff demands judgment against defendant SCPMG.

## STATEMENT OF STATE CLAIM

## THIRD CLAIM FOR RELIEF

(Violation of the California Government Code, §12900, et seq.

Failure To Prevent Discrimination in Employment Against SCPMG)

24.  The allegations and attachments set forth above in paragraphs 1 through 23 and the following paragraphs, are incorporated into this claim for relief by reference as if set forth in full.

25.  Plaintiff has established that discrimination occurred and that SCPMG failed to prevent the discrimination from occurring.

26.  SCPMG did not take all reasonable steps to prevent the discrimination from occurring.

WHEREFORE, Plaintiff demands judgment against defendant SCPMG.

//

//

//

//

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

**PLAINTIFF ROSALYN WARREN'S FEDERAL COMPLAINT**

## **STATEMENT OF STATE CLAIM**

## **FOURTH CLAIM FOR RELIEF**

(Retaliation Pursuant to FEHA Against SCPMG)

27. The allegations and attachments set forth above in paragraphs 1 through 26, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

28. Plaintiff was harassed, retaliated against, given reprimands, A bad evaluation, and denied her job after her return from her medical/disability leave. She was treated this way because of her complaints and protesting the discrimination against her based on race, age, and, specifically, disability discrimination. The retaliation and harassment leveled against her were in violation of the California Fair Employment and Housing Act.

29. Defendant acted with (1) the intent to inflict the injury upon Plaintiff and (2) the realization that the injury of losing her job was substantially certain to result from Defendants' conduct, most especially because of Plaintiff's race, age, disability, and because she complained about her unlawful treatment. Plaintiff's emotional distress was and is now severe, substantial and enduring and was actually caused by the Defendant's pervasive and professionally unlawful conduct.

30. As a direct and proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has suffered special damages, including but not limited to loss of wages, health benefits, bonuses, deferred compensation, and other

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

employment benefits, in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

31.  Unlike other similarly situated employees, Defendant used Plaintiff's membership in protected classifications in order to discriminate against her, placed her in a detrimental position without any viable explanation, told other employees Plaintiff was incapable, incompetent, and grossly negligent.

32.  As a further direct and proximate result of Defendants' unlawful, pervasive, discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, Plaintiff demands judgment which is more fully stated below against SCPMG.

//

//

//

//

//

//

//

//

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

## STATEMENT OF STATE CLAIM

## FIFTH CLAIM FOR RELIEF

(Harassment Against SCPMG, Levy, and Gonzalez)

33.     The allegations and attachments set forth above in paragraphs 1 through 32, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

34.   Plaintiff was harassed, retaliated against, threatened with and given reprimands, a subsequent bad evaluation, and terminated, all as a pretext so that the defendants could engage in the unlawful discrimination.  She was treated this way because of her complaints and protesting the discrimination against her based on race, disability, age discrimination, and because she engaged in freedom of speech when she complained and stated grievances regarding the treatment.  The retaliation and harassment leveled against her were in violation of the California Fair Employment and Housing Act.  Defendant Levy and Gonzalez knowingly encouraged the punitive, harassing acts against Plaintiff and did nothing to prevent them.  The conduct was so severe and pervasive that it has caused Plaintiff to suffer from anxiety attacks and post-traumatic stress which also affected her physical well-being, aggravated, and exacerbated her disability.

35.  Defendant acted with (1) the intent to inflict the injury upon Plaintiff and (2) the realization that the injury of losing her job was substantially certain to result from Defendants' conduct, most especially because of Plaintiff's race, age

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

14

disability, and engaging in a protected activity.  Plaintiff's emotional distress was

and is now severe, substantial and enduring and was actually caused by the

Defendant's pervasive and professionally unlawful conduct.

36.  As a direct and proximate result of Defendants' action against Plaintiff, as

alleged above, Plaintiff has suffered special damages, including but not limited to

loss of wages, bonuses, deferred compensation, and other employment benefits, in

an amount to be proven at the time of trial, in excess of the minimum jurisdictional

requirements of this Court.

37.    Unlike other similarly situated employees, Defendant used Plaintiff's

protective classifications in order to use a pretext in order to discriminate against

her.

38.  As a further direct and proximate result of Defendants' unlawful, pervasive,

discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages

for severe physical, mental, and emotional injuries, distress, harm and damages in an

amount to be proven at the time of trial, in excess of the minimum jurisdictional

requirements of this Court.

WHEREFORE, Plaintiff demands judgment which is more fully stated below

against SCPMG.

//

//

//

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

15

**PLAINTIFF ROSALYN WARREN'S FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

## STATEMENT OF A STATE CLAIM

## SIXTH CLAIM FOR RELIEF

(Violation of the California's FEHA in

Violation of Race Discrimination Against SCPMG)

39.  The allegations and attachments set forth above in paragraphs 1 through 38, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

40.   Plaintiff was retaliated against, harassed, terminated, and denied her civil rights in violation of the laws of the United States and California *just* because she is an African American.  No other non-Black employee was treated in this discriminatory manner as Plaintiff.

WHEREFORE, Plaintiff requests relief as set forth below against SCPMG.

## STATEMENT OF A STATE CLAIM

## SEVENTH CLAIM FOR RELIEF

(Violation of California's FEHA in

Violation of Disability Discrimination Against SCPMG )

41.  The allegations and attachments set forth above in paragraphs 1 through 40, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

42.  Defendants discriminated against Plaintiff based on her disabilities.  No other employee with disabilities was treated on a continuous basis as Plaintiff has been treated.

WHEREFORE, plaintiff requests relief as set forth below against SCPMG .

## STATEMENT OF A FEDERAL CLAIM

## EIGHTH CLAIM FOR RELIEF

(Violation of the Rehabilitation Act of 1973, § 504 Against SCPMG)

43.  The allegations and attachments set forth above in paragraphs 1 through 42, inclusive, are incorporated into this claim for relief by reference as if set forth in full.

44. Plaintiff was not accommodated without retaliation and harassment. She suffered a materially adverse employment action when she was on and then off her *disability leave* and the refusal to accommodate her, verbal reprimands, termination etc., *all* for the purpose of *retaliation* because of her membership in protected classifications and her complaints regarding this retaliation.

45.  The refusal by SCPMG to accommodate Plaintiff is an adverse action to punish her which establishes a *prima facie* case of retaliation under the Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794 and was in retaliation. But-for Plaintiff's complaints and on-going retaliation of using Plaintiff's disabilities against her, this violation would not have occurred.

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

46.  Plaintiff was not required to exhaust her administrative remedies under

Section 504 of the Rehabilitation Act of 1973 because the Ninth Circuit has stated

that "private plaintiffs suing under section 504 need not first exhaust administrative

remedies." *Smith v. Barton,* 914 F.2d 1330, 1338 (9th Cir. 1990). The question is not

one of procedure but whether or not the employer violated the Act.  29 U.S.C.

§ 794(d).

WHEREFORE, Plaintiff demands judgment against Defendant SCPMG.


**STATEMENT OF STATE CLAIM**

**NINTH CLAIM FOR RELIEF**

(Intentional Infliction of Emotional Distress Against All SCPMG)

47.    The allegations and attachments set forth above in paragraphs 1

through 46, inclusive, are incorporated into this claim for relief by reference as if set

forth in full.

48.   Plaintiff was harassed, retaliated against, threatened with and given

reprimands, a subsequent bad evaluation, and terminated, all as a pretext so that the

defendants could engage in the unlawful discrimination.  She was treated this way

because of her complaints and protesting the discrimination against her based on

race, disability, age discrimination, and because she engaged in freedom of speech

when she complained and stated grievances regarding the treatment.  The retaliation

and harassment leveled against her were in violation of the California Fair

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

Employment and Housing Act.  Defendant Levy and Gonzalez knowingly encouraged the punitive, harassing acts against Plaintiff and did nothing to prevent them.  The conduct was so severe and pervasive that it has caused Plaintiff to suffer from anxiety attacks and post-traumatic stress which also affected her physical well-being, aggravated, and exacerbated her disability.

49.    Defendant acted with (1) the intent to inflict the injury upon Plaintiff and (2) the realization that the injury of losing her job was substantially certain to result from Defendants' conduct, most especially because of Plaintiff's race, age disability, and engaging in a protected activity.  Plaintiff's emotional distress was and is now severe, substantial and enduring and was actually caused by the Defendant's pervasive and professionally unlawful conduct.

50.  As a direct and proximate result of Defendants' action against Plaintiff, as alleged above, Plaintiff has suffered special damages, including but not limited to loss of wages, bonuses, deferred compensation, and other employment benefits, in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

51.    Unlike other similarly situated employees, Defendant used Plaintiff's protective classifications in order  to use a pretext in order to discriminate against her.

52.  As a further direct and proximate result of Defendants' unlawful, pervasive, discrimination against Plaintiff, as aforesaid, Plaintiff has sustained general damages

**PLAINTIFF ROSALYN WARREN'S FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

WHEREFORE, Plaintiff demands judgment which is more fully stated below against all Defendants.

## STATEMENT OF STATE CLAIM

## TENTH CLAIM FOR RELIEF

(Violation of the Tenth Claim for Relief

Against SCPMG for Common Law Wrongful Termination)

53.  The allegations and attachments set forth above in paragraphs 1 through 52, inclusive, are incorporated into this claim for relief by reference as if set forth in full below.

54.  Defendant SCPMG intentionally created and/or knowingly permitted working conditions that were so intolerable or aggravated at the time of Plaintiff's resignation that a reasonable employer would realize that a reasonable person in the employee's position would end up being a victim of an adverse action used as a pretext.

55.  Plaintiff has sustained general damages for severe physical, mental, and emotional injuries, distress, harm and damages in an amount to be proven at the time of trial, in excess of the minimum jurisdictional requirements of this Court.

**PLAINTIFF ROSALYN WARREN'S FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

WHEREFORE, WARREN demands judgment which is more fully stated below against SCPMG.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this matter.

### PRAYER FOR RELIEF

1. **Issue a permanent injunction** instructing SCPMG to reinstate Plaintiff in the position Plaintiff held before and immediately after her disability leave.

2. **Issue a declaration of rights** declaring that Defendants' retaliatory and harassing conduct as alleged in this complaint violates Plaintiff's civil and constitutional rights.

3. An award of monetary damages sufficient to fully compensate Plaintiff for all losses she has suffered as a direct and proximate result of SCPMG's and its agents unequal, discriminatory, bullying, harassing, and retaliatory treatment of her, including affecting her accumulated sick time and salary.

4. An award of monetary damages sufficient to fully compensate Plaintiff for emotional trauma suffered by her, including damages for mental distress, emotional pain, loss of enjoyment of life, and other nonpecuniary losses.

5. An award of monetary damages as mandated by civil rights laws, both federal and state.

**PLAINTIFF ROSALYN WARREN'S FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

6.  An award of monetary damages as mandated by the Fair Employment and Housing Act with a lodestar application.

7.  An award of costs, including attorneys' fees pursuant to California Code of Civil Procedure, § 1021.5 and the federal 42 U.S.C., § 1988 and any other applicable statutes for attorneys' fees, both federal and state.

8.  An award of costs, including attorneys' fees, to cover all of  Plaintiff ROSALYN WARREN's actual costs.

9.  An award of punitive damages.

10. An award of damages pursuant to federal law and the federal causes of action under other relevant federal provisions of law.

11. An award of damages for other relevant provisions of law.

12. An award of such other and further relief as the Court considers proper and just.

Dated:  February 01, 2021

**LAW OFFICES OF GLORIA DREDD HANEY**


By: _/"s"/ Gloria Dredd Haney_
Gloria Dredd Haney
Attorney for Plaintiff
**ROSALYN WARREN**

**PLAINTIFF ROSALYN WARREN'S FEDERAL COMPLAINT**

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

LAW OFFICES OF GLORIA DREDD HANEY
333 City Boulevard West, 17th Floor
Orange, California 92868

## **VERIFICATION**

I, ROSALYN WARREN, DECLARE AS FOLLOWS:

I am the Plaintiff in the above-entitled action and make this verification for the Verified Complaint.  I have read the foregoing Verified Complaint and know of its contents.  The same is true of my knowledge, except as to those matters which are therein stated on information and belief and also as to those matters I believe to be true from my own observation.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true.

Executed the 1ST day of February 2021 in Lancaster, California.



_____
          **ROSALYN WARREN**

**PLAINTIFF ROSALYN WARREN'S FEDERAL COMPLAINT**