Michele Ballard Miller (SBN 104198)
  *mbmiller@cozen.com*
Bethany A. Vasquez (SBN 209423)
  *bavasquez@cozen.com*
Di Addy Tang (SBN 314891)
  *dtang@cozen.com*
COZEN O'CONNOR
101 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 644-0914
Facsimile: (415) 644-0978

Attorneys for Defendants
SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, JACKIE GONZALEZ AND ARI LEVY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALYN WARREN,<br><br>            Plaintiff,<br><br>v.<br><br>SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, KAISER PERMANENTE, JACKIE GONZALEZ, ARI LEVY, and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.: 2:21-cv-00940-PA-AGR<br><br>**DEFENDANTS SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, JACQUELINE GONZALES AND ARI LEVY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date:         April 11, 2022<br>Time:        1:30 p.m.<br>Dept.:        Courtroom 9A, 9th Floor<br>Judge:       Hon. Percy Anderson<br><br>Complaint:   February 1, 2021<br>Trial Date:    May 17, 2022 |

**1**
**DEFENDANTS SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, JACQUELINE GONZALES AND ARI LEVY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT - Case No.: 2:21-cv-00940-PA-AGR**

TO PLAINTIFF ROSALYN WARREN AND HER COUNSEL:

PLEASE TAKE NOTICE that on April 11, 2022 at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 9A at the above-entitled Court, located at First Street Courthouse, 350 W. 1st Street, 9th Floor, Los Angeles, California 90012, Defendants SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, JACQUELINE GONZALES AND ARI LEVY (Collectively "Defendants") will move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment regarding each claim asserted against Defendants by Plaintiff Rosalyn Warren ("Plaintiff"), namely (in the order alleged in the underlying Complaint):

| | | |
|---|---|---|
| **FIRST CLAIM**: | | Race Discrimination in Violation of the Civil Rights Act of 1866 (As Amended, 42 U.S.C. § 1981); |
| **SECOND CLAIM**: | | Age Discrimination in Violation of the Fair Employment and Housing Act (FEHA); |
| **THIRD CLAIM**: | | Failure to Prevent Discrimination in Violation of FEHA |
| **FOURTH CLAIM**: | | Retaliation in Violation of FEHA |
| **FIFTH CLAIM**: | | Harassment |
| **SIXTH CLAIM**: | | Race Discrimination in Violation of FEHA |
| **SEVENTH CLAIM**: | | Disability Discrimination in Violation of FEHA |
| **EIGHTH CLAIM**: | | Retaliation in Violation of the Rehabilitation Act of 1973, § 504; |
| **NINTH CLAIM**: | | Intentional Infliction of Emotional Distress; and |
| **TENTH CLAIM**: | | Wrongful Termination. |

This Motion is made pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that there are no triable issues as to any material fact, there is no substantial controversy in that at least one element of each claim cannot be establish, and Defendants are entitled to judgment as a matter of law.

ALTERNATIVELY, pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants will and hereby do move for an order granting partial summary judgment of Plaintiff's claims on the grounds that there are no triable issues as to any material fact, there is no substantial controversy in that at least one element of each cause of action cannot be established, and Mobility is entitled to judgment as a matter of law on the following issues:

## FIRST CLAIM

Race Discrimination in Violation of the Civil Rights Act of 1866 (As Amended, 42 U.S.C. § 1981)

**ISSUE NO. 1**: Plaintiff's First Claim for race discrimination under the Civil Rights Act of 1981 against all Defendants fails as a matter of law because Plaintiff cannot establish a *prima facie* case of discrimination; Plaintiff cannot establish that she was performing competently in her job.

**ISSUE NO. 2**: Plaintiff's First Claim for race discrimination under the Civil Rights Act of 1981 against all Defendants fails as a matter of law because SCMPG terminated Plaintiff's employment for legitimate, non-discriminatory reasons and Plaintiff has no evidence of pretext.

COZEN O'CONNOR
101 MONTGOMERY ST., SUITE 1400
SAN FRANCISCO, CA 94104

# SECOND CLAIM

Age Discrimination in Violation of FEHA

**ISSUE NO. 3**: Plaintiff's Second Claim for age discrimination under FEHA against SCPMG fails as a matter of law because Plaintiff cannot establish a *prima facie* case of discrimination; Plaintiff cannot establish that she was performing competently in her job.

**ISSUE NO. 4**: Plaintiff's Second Claim for age discrimination under FEHA against SCPMG fails as a matter of law because SCMPG terminated Plaintiff's employment for legitimate, non-discriminatory reasons and Plaintiff has no evidence of pretext.

# THIRD CLAIM

Failure to Prevent Discrimination in Violation of FEHA

**ISSUE NO. 5**: Plaintiff's Third Claim for failure to prevent discrimination under FEHA against SCPMG fails as a matter of law because Plaintiff cannot establish an underlying claim of discrimination.

**ISSUE NO. 6:** Plaintiff's Third Claim for failure to prevent discrimination under FEHA against SCPMG ails as a matter of law because SCPMG took all reasonable steps to comply with its obligation to prevent and correct discrimination in the workplace.

4

DEFENDANTS SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, JACQUELINE GONZALES AND ARI LEVY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT - Case No.: 2:21-cv-00940-PA-AGR

## FOURTH CLAIM

Retaliation in Violation of FEHA

**ISSUE NO. 7**: Plaintiff's Fourth Claim for retaliation under FEHA against SCPMG fails as a matter of law as Plaintiff cannot establish a *prima facie* case of retaliation because she did not engage in any "protected activity."

**ISSUE NO. 8:** Plaintiff's Fourth Claim for retaliation under FEHA against SCPMG fails as a matter of law because SCPMG articulated a legitimate, non-retaliatory reason for Plaintiff's termination – her poor performance – and Plaintiff cannot establish that SCPMG's reasons are pretextual.

## FIFTH CLAIM

Harassment

**ISSUE NO. 9**: Plaintiff's Fifth Claim for Harassment against all Defendants fails as a matter of law as Plaintiff cannot establish a *prima facie* case of harassment because Plaintiff cannot establish that the alleged harassment unreasonably interfered with her work performance by creating an intimidating, hostile, or offensive work environment.

## SIXTH CLAIM

Race Discrimination in Violation of FEHA

**ISSUE NO. 10**: Plaintiff's Sixth Claim for race discrimination under FEHA against SCPMG fails as a matter of law because Plaintiff cannot establish a *prima*

*facie* case of discrimination; Plaintiff cannot establish that she was performing competently in her job.

**ISSUE NO. 11**: Plaintiff's Sixth Claim for race discrimination under FEHA against SCPMG fails as a matter of law because SCMPG terminated Plaintiff's employment for legitimate, non-discriminatory reasons and Plaintiff has no evidence of pretext.

## SEVENTH CLAIM

Disability Discrimination in Violation of FEHA

**ISSUE NO. 12**: Plaintiff's Seventh Claim for disability discrimination under FEHA against SCPMG fails as a matter of law because Plaintiff cannot establish a *prima facie* case of discrimination; Plaintiff cannot establish that she was performing competently in her job.

**ISSUE NO. 13**: Plaintiff's Seventh Claim for disability discrimination under FEHA against SCPMG fails as a matter of law because SCMPG terminated Plaintiff's employment for legitimate, non-discriminatory reasons and Plaintiff has no evidence of pretext.

## EIGHTH CLAIM

Retaliation in Violation of the Rehabilitation Act of 1973, § 504

**ISSUE NO. 14**: Plaintiff's Eighth Claim for retaliation under the Rehabilitation Act of 1973, § 504 against SCPMG fails as a matter of law as

**6**

DEFENDANTS SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, JACQUELINE GONZALES AND ARI LEVY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT - Case No.: 2:21-cv-00940-PA-AGR

Plaintiff cannot establish a *prima facie* case of retaliation because she did not engage in any "protected activity."

**ISSUE NO. 15:** Plaintiff's Eighth Claim for retaliation under the Rehabilitation Act of 1973, § 504 against SCPMG fails as a matter of law because SCPMG articulated a legitimate, non-retaliatory reason for Plaintiff's termination – her poor performance – and Plaintiff cannot establish that SCPMG's reasons are pretextual.

### NINTH CLAIM

Intentional Infliction of Emotional Distress

**ISSUE NO. 16:** Plaintiff's Ninth Claim for intentional infliction of emotional distress against SCPMG fails as a matter of law because Plaintiff's claim is preempted by the exclusive remedy provisions of California's workers' compensation laws.

**ISSUE NO. 17:** Plaintiff's Ninth Claim for intentional infliction of emotional distress against SCPMG fails as a matter of law because Plaintiff has no evidence to show that Defendants' alleged conduct were "extreme and outrageous."

## TENTH CLAIM

Wrongful Termination

**ISSUE NO. 18:** Plaintiff's Tenth Claim for wrongful termination fails as a matter of law because Plaintiff cannot establish an underlying claim of discrimination, harassment or retaliation in violation of FEHA, the Civil Rights Act of 1981 and Rehabilitation Act of 1973.

## PUNITIVE DAMAGES

**ISSUE NO. 19:** Plaintiff's request for punitive damages fails as a matter of law because no individual alleged in the challenged action was an officer, director, or managing agent of SCPMG.

**ISSUE NO. 20:** Plaintiff's request for punitive damages fails as a matter of law because Plaintiff does not have clear and convincing evidence of malice, oppression, or fraud.

Defendants' Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment is based on this Notice of Motion and Motion, together with the Memorandum of Points and Authorities, Separate Statement of Undisputed Facts, and the Declarations with exhibits of Bethany A. Vasquez, Di Addy Tang, Ari Levy, Jacqueline Gonzales, Robert Hermus, Cindy "CJ" Martinez, and Leonardo Garcia, all filed herewith in support of Defendants' Motion, all papers on file in this action, and on any further evidence as me be presented prior to or at the hearing on Defendants' Motion.

8
DEFENDANTS SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, JACQUELINE GONZALES AND ARI LEVY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT - Case No.: 2:21-cv-00940-PA-AGR

1  This Motion is made following the conference of counsel pursuant to United
2  States District Court for the Central District of California Local Rule 7-3, which
3  took place via phone on February 23, 2022. (Declaration of Di Addy Tang in
4  Support of Defendants' Motion for Summary Judgment or, in the Alternative,
5  Partial Summary Judgment, ¶ 4.)

8  Dated: February 28, 2022                COZEN O'CONNOR

10                                          By: /s/ *Bethany A. Vasquez*
11                                              Bethany A. Vasquez
                                                Di Addy Tang
12                                              Attorneys for Defendants
                                                SOUTHERN CALIFORNIA
13                                              PERMANENTE MEDICAL
                                                GROUP, JACKIE GONZALES
14                                              AND ARI LEVY